# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

OSVALDO CORREA-MARTINEZ,

                   Plaintiff,

        v.

NORTHERN STATE PRISON, et al.,

                Defendants.

Civ. Action No. 21-14219 (JXN) (CLW)

**OPINION**

**NEALS**, District Judge

      Plaintiff is a convicted and sentenced state prisoner at Northern State Prison in Newark, New Jersey.  He is proceeding *pro se* with a civil rights complaint alleging claims under 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons below, the Court will dismiss the Complaint in its entirety.

## I.   BACKGROUND

      The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.  Plaintiff names Northern State Prison ("N.S.P."), Officer Hooker, Sergeant Lynn, Nurse "Jane Doe," Ruguers, and the New Jersey Department of Corrections Special Investigations Division ("S.I.D.") as defendants.

Plaintiff provides the following factual basis for his claims, some of which is illegible due to his handwriting:

> N.S.P. was the place of the incident[.] Off. Hooker fail [sic] to protect me when I was assaulting [sic] by a.k.a. "Sinsire" the morning [illegible], on infirmary, Sgt. Lynn start [sic] a[n] investigation on 11-21-20[.] The incident was on 11-10-20[.] Nurse Jane Doe shake me [illegible] that date 11-21-20[.] Ruguers, is the insurance comp. & SID close [sic] the case without warning.

(ECF No. 1, at 5.)  Plaintiff vaguely asserts claims for negligence, assault, pain and suffering, and police brutality.  (*Id.* at 6.)  He seeks $7,000,000 for his injuries.  (*See id.*)

## II.      LEGAL STANDARD

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity.  *See* 28 U.S.C. § 1915A(a).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief.  *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).  A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Moreover, a court may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain statement" requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93. The important consideration for the Court is whether "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1]  (*See* ECF No. 1, at 2.)  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

### A.  **Failure to state a claim and comply with Rule 8**

It is difficult to determine whether Plaintiff has a basis for a claim because much of his Complaint is unintelligible.  His handwriting is often illegible and his description of the facts supporting his claims is unclear at best.  It would be difficult for any Defendant to meaningfully respond to the Complaint because it is not clear what each Defendant allegedly has done and how each Defendant is liable to Plaintiff.  Accordingly, the Complaint fails to satisfy Rule 8.

Moreover, the Complaint contains insufficient factual details about the incident.  The Court gleans that Plaintiff believes Defendants wronged him in some way in connection with an assault on Plaintiff, but the Complaint offers insufficient details about the incident to plausibly state a claim for relief.  For example, the Complaint does not plead sufficient facts explaining who assaulted Plaintiff, where the assault occurred, the circumstances of the assault, and the actions of each Defendant with respect to the assault.  Accordingly, the Court will dismiss the Complaint for failure to state a claim and for failure to comply with Rule 8.

### B.  **Persons amenable to suit under Section 1983**

Even if the Complaint did comply with Rule 8, Plaintiff's claims against Northern State Prison, S.I.D., and Ruguers fails because these Defendants are not "persons" subject to liability under Section 1983.  As explained below, the Court will dismiss these claims with prejudice.

---

[1] To the extent the Complaint asserts state law claims, this Court declines to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(c)(3).

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.* It is well-established that state prisons and state agencies such as the New Jersey Department of Corrections Special Investigations Division are not "persons" subject to liability under Section 1983. *See Williams v. SCO*, No. 15-5609, 2015 WL 5110913, at *2 (D.N.J. Aug. 31, 2015) ("Northern State Prison is not a 'person' for purposes of § 1983 litigation."); *Lehmann v. N.J. Dep't of Corr.*, No. 07-5964, 2008 WL 544671, at *5 (D.N.J. Feb. 26, 2008) (dismissing claims against the Special Investigations Division because it is not "person" subject to liability under Section 1983").

Here, Plaintiff's claims against Northern State Prison and S.I.D. fail. As a state prison and state agency, respectively, neither is a "person" subject to liability under Section 1983. *See Williams*, 2015 WL 5110913, at *2; *Lehmann*, 2008 WL 544671, at *5. Analogously, Plaintiff's claims against Ruquers also fail because it is not a "person" within the meaning of Section 1983. The Court, therefore, will dismiss Plaintiff's Section 1983 claims against Northern State Prison, S.I.D., and Ruquers with prejudice for failure to state a claim.

## IV.    **CONCLUSION**

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against Northern State Prison, S.I.D., and Ruguers with prejudice for failure to state a claim. The Court will dismiss the remainder of the Complaint without prejudice for failure to comply with Fed. R. Civ. P. 8. With respect to Plaintiff's claims against Officer Hooker, Sergeant Lynn, and

Nurse "Jane Doe," Plaintiff may file an amended complaint if he believes he can allege facts curing the above deficiencies and entitling him to relief.  An appropriate Order follows.

Dated: 9/8/2021

JULIEN XAVIER NEALS
United States District Judge